UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF RICHMOND,<br><br>Defendant. | Case No. 14-mc-80345-JSC<br><br>**ORDER ENFORCING ADMINISTRATIVE SUBPOENA**<br><br>Re: Dkt. No. 1 |

In this administrative enforcement proceeding, applicant U.S. Equal Employment Opportunity Commission ("EEOC") seeks an order enforcing an investigatory subpoena directed to respondent City of Richmond (the "City") and seeking to recover attorneys' fees and costs of enforcing the subpoena. (*See* Dkt. No. 1.) According to the EEOC, the subpoena is necessary to obtain information concerning a City employee's charge of ongoing discrimination based on gender, race, religion, and age; unlawful disclosure of confidential medical information; failure to accommodate a disability; and retaliation. (*Id.* at 6; Dkt. No. 4 ¶ 3.)

As applied through 29 U.S.C. § 209, "the district courts of the United States shall have jurisdiction to issue writs of mandamus commanding any person, partnership, or corporation to comply with this Act or any order of the [EEOC] made in pursuance thereof." 15 U.S.C. § 49. However, "[t]he scope of judicial inquiry in an agency subpoena enforcement proceeding is narrow." *Harris v. Abbas*, No. 5:13-mc-80030 EJD, 2013 WL 1089911, at *1 (N.D. Cal. Mar. 15, 2013). A court will enforce an administrative subpoena only if the agency demonstrates that (1) the subpoena is within the agency's authority; (2) the agency has satisfied its own procedural (due process) requirements; and (3) the information sought is relevant to its investigation. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 72 n.6 (1984); *EEOC v. Children's Hosp. Med. Ctr.*, 719 F.2d 1426,

United States District Court
Northern District of California

1428 (9th Cir. 1983) (en banc), *abrogated on other grounds by Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20 (1991). An affidavit from an agency official is sufficient to establish a prima facie showing that these requirements have been met. *FDIC v. Garner*, 126 F.3d 1138, 1143 (9th Cir. 1997). Once the agency makes that showing, the court must enforce the administrative subpoena unless the party under investigation can prove that the subpoena is unduly burdensome or otherwise unenforceable. *Okla. Press Publ'g v. Walling*, 327 U.S. 186, 217 (1946).

Here, through the sworn declarations of agency employees (including the EEOC's regional director, an attorney, and a staff member), the EEOC has established each of the above elements—authority, procedure, and relevance. (*See generally* Dkt. Nos. 2-4.) First, the EEOC has statutory authority to issue administrative subpoenas during the course of investigations into charges of discrimination and retaliation under Title VII, the ADA, and the ADEA. *See* ADA Section 107, 42 U.S.C. § 12117 (providing that the EEOC has the right to obtain access to records "relating to any matter under investigation" under the ADA), *incorporating* Section 709 of Title VII, *id.* § 2000e-8 (authorizing the EEOC to investigate charges of discrimination); ADEA Section 7(a), 29 U.S.C. § 626(a) (giving the EEOC "power to make investigations and require the keeping of records"), *incorporating* Fair Labor Standards Act Section 9, 29 U.S.C. § 209 (providing the EEOC the "power to require by subpoena . . . the production of all such documentary evidence relating to any matter under investigation").

Second, based on the information set forth in the EEOC's application, it has complied with all procedural requirements set forth in agency regulations, most of which pertain to the inclusion of certain information in the subpoena itself. (Dkt. No. 1 at 12-13 (citations omitted).)

Finally, the EEOC has also established that the evidence sought—notably, personnel records and documents reflecting the City of Richmond's policies and procedures, disciplinary records, and employee complaint records—are relevant to the discrimination and retaliation charge that the agency is investigating. (*Id.* at 13-15.) Indeed, the EEOC's description of the City of Richmond's response to the agency's repeated requests for documents suggests that the City concedes the documents' relevance. (*See, e.g.*, Dkt. No. 2 ¶¶ 4-5.)

The EEOC has thus demonstrated that it has authority to issue the administrative subpoena,

has followed the necessary procedural requirements, and that the subpoena itself seeks documents relevant to the discrimination investigation; thus, the administrative subpoena is enforceable. *See Garner*, 126 F.3d at 1143. The burden now shifts to the City to provide any justification for its failure to comply with the subpoena or to demonstrate that the subpoena is unduly burdensome or otherwise unenforceable. *See Walling*, 327 U.S. at 217.

Accordingly, it is hereby ORDERED that the City shall file by **January 20, 2015**, a response to the application that sets forth the cause, if there be any, why the application should not be granted with respect to the agency's requests for (1) an order enforcing the administrative subpoena; and (2) an award of fees and costs incurred in connection with the instant motion to enforce. The City's failure to respond may be deemed as a concession of the motion. It is further ORDERED that the EEOC shall timely serve copies of this Order and a copy of the application and supporting documents on the City.

**IT IS SO ORDERED**.

Dated: January 2, 2015

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge